NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-290-KKC

CARL RICHARDSON                                                    PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

SUSAN HASTINGS, *Warden*                                          RESPONDENT

Petitioner, Carl Richardson, an individual presently confined at the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  He has paid the requisite filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

The petitioner asserts a Fifth Amendment due process claim.  He challenges the validity of the Inmate Financial Responsibility Program ("the IFRP"), 28 C. F. R. §545.10-545.11; its

application to him; and its effect on the execution of the portion of his criminal sentence requiring him to pay fines and restitution.[1]

## NAMED RESPONDENT

The petitioner names as the respondent "Susan" Hastings, warden of USP-Big Sandy.  The Court takes judicial notice that the warden of USP-Big Sandy is actually *Suzanne* Hastings.

## RELIEF REQUESTED

The petitioner seeks an order from this Court adjudging BOP Program Statement 5380.07 to be unconstitutional, to the extent that it requires him to pay his criminal fine and restitution prior to his release from the BOP's custody.

## ALLEGATIONS OF THE PETITION

Petitioner alleges that the sentencing court, which he did not identify, did not require him to pay the fine or restitution until 30 days *after* he begins his term of supervised release.  He complains that based upon its Program Statement 5380.07, the BOP is requiring him to pay the fines and restitution *prior* to his release from custody.  He states that the BOP's action exceeds its authority.

Although the petitioner does not specifically state that he is participating in the IFRP, that appears to be the case.  Petitioner challenges the application of the IFRP to his case.  The petitioner has demonstrated through his attachments that he fully exhausted his claims through the BOP

---

[1]

The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. §545.10.  The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated.  28 C.F.R. §545.11(a).  The refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. §545.11(d).  *U.S. v. Callan,* 96 Fed.Appx. 299, *300, 2004 WL 829886, **1 (6th Cir.(Ky.) April 13, 2004).

2

Administrative Remedy Program, 28 C. F. R. §542.10-19.

On July 15, 2005, Harrell Watts, Administrator of the BOP's National Inmate Appeals, denied the petitioner's final administrative appeal demands contained in his BP-9 appeal, advising the petitioner as follows:

> "BOP Program Statement 5380.07, <u>Financial Responsibility Program, Inmate</u>, [IFRP] establishes the procedure by which an inmate may make efforts toward meeting their financial obligations.  Payment amounts are based on a formula contained within this Program Statement . . .
>
> Your sentencing judge imposed criminal and monetary penalties in the forma of a $200.00 special assessment and $277.16 in restitution.  These amounts are specified as being paid immediately, with any balance remaining after release payable in monthly payments.  You are not exempt from participation in the IFRP."

[Watts Response, 7/15/05].

Watts then informed the petitioner that while participation in the IFRP was completely voluntary, an inmate's failure to satisfactorily meet his financial obligations could result in the limitations of certain  benefits and privileges unavailable to those who opted out of the IFRP.

DISCUSSION
1. Decisions Upholding IFRP

As an initial matter, in *Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir.), *cert denied*, 498 U.S. 819 (1990), the IFRP was upheld because it "serves a valid penological objective of rehabilitation by facilitating repayment of debts," and "is fully consistent with the Bureau of Prisons' authorization, under direction of the Attorney General, to provide for rehabilitation and reformation."

The *Johnpoll* court further concluded that participation in the program is neither punitive in nature nor violative of due process because it is "reasonably related" to the legitimate governmental objective of rehabilitation. *Johnpoll*, 898 F.2d at 851.

3

Other courts have rejected general and constitutional challenges to the IFRP.  They have ruled that the IFRP clearly serves valid penological interests of rehabilitation and that the requirements of the inmates' choosing between participation in the program or risking significant reduction in his employment or income does not violate a prisoner's constitutional rights.  *See United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (restitution orders may be satisfied through IFRP); *Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998), *cert. denied*, 119 S. Ct. 1505 (1999) (IFRP requiring inmate to pay court-imposed fines not unconstitutional); *Muhamad v. Moore*, 760 F. Supp 869, 871 (D. Kan. 1991) (IFRP requirements do not violate constitutional rights); *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir.), *cert. denied*, 493 U.S. 870 (1989); *Prows v. Department of Justice*, 938 F.2d 274 (D.C. Cir. 1991); *Dorman v. Thornburgh*, 955 F.2 57 (D.C. Cir. 1992) (rejecting both the due process and excessive punishment claims of a prisoner who was removed from his work assignment because he refused to participate in the IFRP).

### 2.  Application of IFRP to Instant Petition

The plaintiff's due process claim is that the BOP does not have authority to set payment amounts and/or require that they be made toward his restitution obligation through the IFRP.  *See Phillips v. Booker*, 76 F. Supp.2d 1183, 1999 WL 1100448 (D. Kan. 1999); *Mujahid v. Crabtree*, 999 F. Supp. 1398, 1401 (D. Or. 1998), *aff'd* 172 F.3d 57 (9th Cir. 1999).  The Court rejects this argument.

The Court notes that some cases, relying on 18 U.S.C. §3572(d), have reversed the delegation of authority to the BOP  to establish the amount and timing of fines or restitution, *United States v. Coates*, 178 F.3d 681, 684-85 (3rd Cir. 1999); *United States v. Workman*, 110 F.3d 915, 918 (2d Cir. 1997), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Miller*, 77 F.3d 71, 78 (4th Cir. 1996).

4

The Sixth Circuit Court of Appeals, however, has specifically declined to adopt this rationale. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001). In *Weinberger*, the Sixth Circuit relied upon a Ninth Circuit decision, *United States v. Signori*, 844 F.2d 635, 642 (9th Cir.1988).

In *Signori*, the Ninth Circuit noted that district [sentencing] court "is empowered to 'revoke or modify any condition of probation,' including restitution, during the probationary period. 844 F.2d at 642 (quoting 18 U.S.C. § 3651)." *Weinberger*, 268 F.3d at 360. "As the Ninth Circuit stated to *Signori*, we note that, '[t]o the extent that [the defendant] is concerned that the probation department may abuse its delegated authority, he may always bring the probation department's orders concerning restitution to the attention of the district court and seek a modification of any order.' *Signori*, 844 F.2d at 642." *Weinberger*, 268 F.3d at 360.

The cases from the other jurisdictions, which *Weinberger* rejected, are distinguishable from the instant proceeding. In this case, the petitioner does not allege that his sentencing judge delegated the responsibility of setting a collection schedule to anyone. The petitioner attached to his petition a document from his sentencing court, entitled "Schedule of Payments." This document clearly states as follows:

> "Lump Sum payment of $200.00 (special assessment) and $277.16 (restitution) **due immediately**, **balance due**. . .in accordance with "D."

> Subsection "D" of the "Schedule of Payments." provides as follows:

> Payments in monthly installments of $50.00 to commence 30 days after release from imprisonment to a term of supervision. The Court reserves the right to increase payments based upon any increase in income.

[Emphasis Added].

5

This language clearly indicates that the sentencing court retained the power to control the payment of the petitioner's fines and restitution.  As such, there is nothing in the record to suggest that there was an improper delegation to the BOP.  *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1998) (holding that the BOP can administer collection through the IFRP where a sentencing court orders fine and special assessment due "in full immediately").

In *Hudson v. True*, 1999 WL 1285832 (D. Kan. December 23, 1999) (Only the Westlaw citation currently available), a case somewhat similar to the petitioner's, the sentencing court imposed a fine of $150,000 which it ordered to be paid "in full immediately."  *Id*. at *1.  The sentencing court further ordered as a condition of supervised release that any fine balance still owing was to be paid in equal monthly installments, as directed by the Probation Department.  *Id*.  The district court in Kansas held that "There is no improper delegation of authority shown by this record and even if there were, it would not be actionable in this § 2241 petition." *Id.* at *3.

In *Rogelio v. Wetzel*, 2005 WL 3110676 (N. D. Fla., November 18, 2005) (Only the Westlaw citation currently available), the district court in Florida was faced with the same issue, which it articulated as follows:

> The question remains whether the creation of a financial responsibility plan through the IFRP which permits an inmate to make monthly or quarterly payments towards a fine impermissibly interferes with the court's judicial function of establishing the payment schedule itself.  In this Court's view, it does not.  Instead, the IFRP gives an inmate who owes a legitimate financial obligation an opportunity to fulfill all the terms of a judgment, terms which were set by the court in the payment schedule. *Imposing a monetary penalty and then turning the enforcement of that penalty over to the Bureau of Prisons is not impermissible*.  It is generally recognized that when a court orders that the fine is due immediately, it does not require "immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'"  *McGhee*, 166 F.3d at 886 (citation omitted).

6

*Rogelio v. Wetzel*, 2005 WL 3110676, *4 (Emphasis Added).[2]

This Court agrees with the reasoning of these cases.  It determines that based upon these decisions, BOP Program Statement 5380.07, *Financial Responsibility Program, Inmate* [IFRP], is not unconstitutional.  The Court dismisses the plaintiff's §2241 habeas corpus petition, as it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(ii).

<u>CONCLUSION</u>

Accordingly, the Court being sufficiently advised, it is **ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

Dated this 19th day of January, 2006.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**

---

[2]

*See also Solis v. Menifee*, 2000 WL 1401633 (S.D.N.Y. 2000) (Only Westlaw citation currently available), in which the district court held that where the sentencing court imposed a fine and elected not to establish scheduled payments, it delegated none of its functions and powers.

7